UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                    Case No. 2:12-CR-20285

v.

                                                    HON. GEORGE CARAM STEEH

ROMEO DRABO,

        Defendant.
_____/

### ORDER DENYING WITHOUT PREJUDICE
### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

     Defendant Romeo Drabo has been charged with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) on one count as a conspirator (pursuant to 21 U.S.C. § 846) and a second count under an aiding and abetting theory (pursuant to 18 U.S.C. § 2(a)). Drabo seeks to suppress evidence of 35 pounds of marijuana, which officials obtained during a search of his vehicle after a traffic stop. For the reasons that follow, the motion is DENIED without prejudice.

### BACKGROUND

     According to the government, U.S. Border Patrol ("USBP") agents were informed by a confidential source that he or she was participating in a drug trafficking organization, whose members included Tom Nicaj and Paljoka Camaj. The source stated that an unknown quantity of narcotics were to be delivered in Chicago on July 16, 2011, from Detroit. Based upon that information, a team of agents from USBP and U.S. Drug Enforcement Agency ("DEA"), and Task-Force officers ("TFO") from the Chicago

Police Department engaged in surveillance of two vehicles traveling from Detroit to Chicago; one occupied by the confidential source, and the other by Nicaj and Camaj. The agents followed the group to a Walgreens in Chicago where defendant Drabo was waiting in a blue Honda Pilot.  The officers then watched Camaj exit his vehicle, remove a large duffel bag from his car and hand it to Drabo, who put it in the "rear cargo area" of the Pilot.  Camaj took another bag from his vehicle and placed it in the cargo area of the Pilot.  Drabo re-entered the Pilot, and exited the parking lot, followed by the surveillance team.

Approximately twenty-seven minutes later, TFO Carlos Iglesias and DEA Special Agent Dave Ostrow pulled over Drabo's vehicle after, according to the government, he engaged in an improper lane change.  Drabo claims he did not make an improper lane change.  After approaching the vehicle, Iglesias requested Drabo's identification and insurance, to which Drabo provided identification, but not insurance.  The government claims that Drabo could not provide proof of insurance, but Drabo claims that he was not given an opportunity to produce it.

Iglesias and Ostrow asked Drabo to exit his car.  While the government claims that Drabo exited the car voluntarily, Drabo claims that the officers pulled him out of the car, handcuffed him, and placed him in the back of their vehicle.  The officers then requested to search Drabo's vehicle, to which Drabo refused.  Without a warrant, the officers searched Drabo's vehicle, uncovering two bags of marijuana which contained a total of 35 pounds.  Drabo was subsequently charged with Conspiracy to Distribute Marijuana, and Possession with Intent to Distribute.

## ANALYSIS

Drabo claims that the warrantless search of his vehicle was without probable cause, thus violating his Fourth Amendment right against unreasonable search and seizure.  See U.S. Const. Amend IV.  If evidence is uncovered as a result of a search that violates a defendant's Fourth Amendment rights, the defendant may move for suppression of such evidence.  *Alderman v. United States*, 394 U.S. 165 (1969).  While a warrant is normally required in order to search an individual's property, the "automobile exception" permits a warrantless vehicle search if there is probable cause that a crime is being committed.  See *California v. Carney*, 471 U.S. 386 (1985) (affirming the automobile exception to the normal warrant requirement due to the readily-mobile characteristic of automobiles).  Since it is the government's burden to demonstrate the propriety of a warrantless search, *Coolidge v. New Hampshire*, 403 U.S. 443, 454 (1971), the government here must demonstrate probable cause in order to overcome Drabo's motion to suppress.  Probable cause exists if "there are facts that . . . could lead a reasonable person to believe that an illegal act has occurred or is about to occur."  *U.S. v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998).

The essential analysis this court must engage in is whether or not probable cause existed for the officers to believe that Drabo had narcotics in his vehicle before they pulled him over.  Given the uncontested information officers acquired from the confidential source and their observations that day, they reasonably believed the duffel bags in the rear of Drabo's car contained narcotics.  Therefore, the court is satisfied at this juncture that the search of Drabo's vehicle was lawful.  Additionally, since the court has found that probable cause existed in order to search Drabo's vehicle, the court finds

it unnecessary to address the other issues raised in defendant's motion.

The parties to this motion apparently agreed to present argument to the court today without the benefit of any live testimony. It appears that denial of the motion is appropriate given defendant's general concession concerning the information law enforcement acquired from the informant and circumstances during the surveillance leading to the delivery of the drugs as discussed on the record. Nevertheless, defendant does not concede a total lack of disputed issues of fact. For this reason, the court will hold an evidentiary hearing should defendant wish to renew the motion. Thus, the court denies defendant's motion without prejudice, and will schedule an evidentiary hearing if requested.

## **CONCLUSION**

For the reasons stated above and on the record, the government has demonstrated that there was probable cause for the officers to believe that illegal narcotics were inside of Drabo's car when they stopped his vehicle. Defendant's motion to suppress evidence is therefore DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: July 9, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---